ALD-256-E                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2379
_____

IN RE:  CHRISTIAN DIOR WOMACK,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:13-cr-00206-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 30, 2015

Before:  RENDELL, Circuit Judge

(Opinion filed:  July 1, 2015)
_____

OPINION[*]
_____

PER CURIAM

Christian Dior Womack, a.k.a. Gucci Prada, citing the Crime Victims' Rights Act

("CVRA"), 18 U.S.C. § 3771, presents a petition for a writ of mandamus.  He describes

claims relating to his criminal prosecution similar to those he raised in a previous

mandamus petition, which we denied.  See In re Womack, No. 15-2064, 2015 U.S. App.

LEXIS 9393 (3d Cir. June 5, 2015) (per curiam).  Essentially, he asserts that his criminal

_____
[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not

prosecution, in which he pleaded guilty to charges of sex trafficking of a minor and sex trafficking by force, was a "complex fraud." He alleges that the judge, prosecutors, and his former counsel violated several federal statutes by participating in his criminal case. Womack further alleges that his right, under 18 U.S.C. § 3771(a)(1), "to be reasonably protected from the accused" is being violated by his detention in a maximum security prison. He asks us, in the "interest of" § 3771(a)(1), to "remove [him] from any further harm." In his petition, he also appears to seek "the right to be heard" under the CVRA and the right to initiate a criminal prosecution of (at least) the judge and prosecutors.

In appropriate circumstances, mandamus relief pursuant to the CVRA is available under a standard that is different from, and less demanding than, that used in traditional mandamus proceedings. See 18 U.S.C. § 3771(d)(3); Kenna v. U.S. Dist. Court, 435 F.3d 1011, 1017 (9th Cir. 2006); United States v. Rigas, 409 F.3d 555, 562 (2d Cir. 2005). However, relief under the CVRA is not available to Womack here.

First, while we have not yet considered exactly what is meant by the term "crime victim" under 18 U.S.C. § 3771(e)(2), see United States v. Atl. States Cast Iron Pipe Co., 612 F. Supp. 2d 453, 462 & passim (D.N.J. 2009) (noting the same and providing a thorough overview of the caselaw discussing the term), it is difficult to see how the term could apply to Womack under the circumstances presented. However, even assuming that he could be considered a crime victim for whom mandamus and other relief is

---

constitute binding precedent.

2

available under § 3771, he has in no way shown that he is being deprived of the rights accorded crime victims.

Womack's right to "reasonable protection from the accused" under § 3771(a) is in no way compromised in this case by his imprisonment. The "right to be heard" that Womack seeks is a right to "be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). However, there are no such proceedings involving those whom Womack accuses of committing crimes. Womack additionally wants those persons he accuses of crimes to be prosecuted. Even if we believed prosecution to be appropriate (which we do not), we cannot order their prosecution as some form of relief to him because nothing in the CVRA "shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under [her] direction." 18 U.S.C. § 3771(d)(6).

We note additionally that Womack appears to have applied for relief in the first instance in the wrong court. See 18 U.S.C. § 3771(d)(3). There is no evidence that Womack filed a motion seeking relief under the CVRA in the appropriate district court before he filed his petition for a writ of mandamus.

For these reasons, we deny Womack's petition for a writ of mandamus.

3